**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARLENE WYANT and DEXTER COBB, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 1:21-cv-00682 |
| Plaintiffs, | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| DUDE PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION TO DISMISS CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................... 1

RELEVANT FACTUAL ALLEGATIONS ............................................................... 2

LEGAL STANDARDS ............................................................................................. 4

ARGUMENT ............................................................................................................ 5

    I.    Plaintiffs Lack Standing To Seek Injunctive Relief. ................................. 5

    II.    Plaintiffs Lack Standing To Assert Warranty Claims Under the Laws of States in Which They Do Not Reside. ....................................................... 7

    III.    Plaintiffs Fail to State a Claim for Consumer Fraud and False Advertising Because They Do Not Plausibly Allege Misleading or Deceptive Conduct .......................................................................... 8

    IV.    The Product Packaging (Viewed in Its Entirety) Also Defeats Plaintiffs' Express Warranty Claim. ....................................................................... 11

    V.    Plaintiffs Fail to State A Claim for Breach of the Implied Warranty of Merchantability. ................................................................................... 12

    VI.    Plaintiffs May Not Seek Restitution or Disgorgement Under the UCL or FAL Because They Allege an Adequate Remedy at Law. .................... 14

CONCLUSION ........................................................................................................ 15

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Arreola v. Godinez*,
 546 F.3d 788 (7th Cir. 2008) ..................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................5

*Azoulai v. BMW of North America LLC*,
 No. 16-CV-00589, 2017 WL 1354781 (N.D. Cal. Apr. 13, 2017)..........11

*Bastien v. AT&T Wireless Services, Inc.*,
 205 F.3d 983 (7th Cir. 2000) ................................................4

*Bell Atlantic Corporation v. Twombly*,
 550 U.S. 544 (2007)...........................................................5

*Berryman v. Merit Property Management, Inc.*,
 152 Cal. App. 4th 1544 (Cal. Ct. App. 2007) .........................10

*Birdsong v. Apple, Inc.*,
 590 F.3d 955 (9th Cir. 2009) ..............................................12

*Bogie v. Rosenberg*,
 705 F.3d 603 (7th Cir. 2013) ...............................................2

*Bowring v. Sapporo U.S.A., Inc.*,
 234 F. Supp. 3d 386 (E.D.N.Y. 2017) .....................................9

*In re Bridgestone/Firestone, Inc.*,
 288 F.3d 1012 (7th Cir. 2002) .............................................7

*Brownmark Films, LLC v. Comedy Partners*,
 682 F.3d 687 (7th Cir. 2012) ...............................................2

*Camasta v. Jos. A. Banks Clothiers, Inc.*,
 761 F.3d 732 (7th Cir. 2014) ...............................................6

*Caronia v. Phillip Morris USA, Inc.*,
 715 F.3d 417 (2d Cir. 2013)...............................................13

*Catlin v. Hanser*,
 No. 1:10-cv-0451, 2011 WL 1002736 (S.D. Ind. Mar. 17, 2011) ...........7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
 20 Cal. 4th 163 (Cal. 1999)...............................................14

ii

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) .................................................................................................6

*Clark v. American Honda Motor Co.*,
    No. CV 20-03147, 2021 WL 1186338 (C.D. Cal. Mar. 25, 2021) ..........................................15

*Conrad v. Boiron, Inc.*,
    No. 13 C 7903, 2015 WL 7008136 (N.D. Ill. Nov. 12, 2015) ...................................6

*Cummings v. FCA US LLC*,
    401 F. Supp. 3d 288 (N.D.N.Y. 2019) ....................................................................14

*DaCorta v. AM Retail Group, Inc.*,
    No. 16-cv-01748, 2018 WL 557909 (S.D.N.Y. Jan. 23, 2018) ...............................7

*In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*,
    No. 09-cv-3690, 2013 WL 4506000 (N.D. Ill. Aug. 23, 2013) ...............................7

*Delgado v. Ocwen Loan Servicing, LLC*,
    No. 13-cv-4427, 2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014) .............................9

*Demetriades v. Yelp, Inc.*,
    228 Cal. App. 4th 294 (Cal. Ct. App. 2014) ..........................................................14

*Eckler v. Wal-Mart Stores, Inc.*,
    No. 12-CV-727, 2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ...............................9

*Elias v. Hewlett-Packard Co.*,
    903 F. Supp. 2d 843 (N.D. Cal. 2012) ..................................................................12

*Factory Associates & Exporters, Inc. v. Lehigh Safety Shoes Co.*,
    382 F. App'x 110 (2d Cir. 2010) .....................................................................11, 13

*Fermin v. Pfizer, Inc.*,
    215 F. Supp. 3d 209 (E.D.N.Y. 2016) ...............................................................8, 10

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013).....................................................................1, 8, 9, 10

*In re Fluidmaster, Inc.*,
    149 F. Supp. 3d 940 (N.D. Ill. 2016) .....................................................................5

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) ..............................................................................8, 9, 10

*Gertz v. Toyota Motor Corporation*,
    No. CV101089, 2011 WL 13142144 (C.D. Cal. Apr. 28, 2011).............................12

*Geske v. PNY Technologies, Inc.*,
    No. 19-CV-05170, 2020 WL 7042887 (N.D. Ill. Nov. 30, 2020) .............................................6

*Gibson v. Jaguar Land Rover North America, LLC*,
    No. CV 20-00769, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020)............................................15

*Gomez v. Illinois State Board of Education*,
    811 F. 2d 1030 (7th Cir. 1987) ................................................................................................5

*Guar. Residential Lending, Inc. v. International Mortgage Center, Inc.*,
    305 F. Supp. 2d 846 (N.D. Ill. 2004) .......................................................................................2

*Gubala v. Allmax Nutrition, Inc.*,
    No. 14 C 9299, 2015 WL 6460086 (N.D. Ill. Oct. 26, 2015) .................................................10

*Hairston v. S. Beach Beverage Co.*,
    No. CV 12-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012) .............................................9

*Hamilton v. O'Leary*,
    976 F.2d 341 (7th Cir. 1992) ...................................................................................................2

*In re Herbal Supplements Marketing & Sales Practices Litigation*,
    No. 15-cv-5070, 2017 WL 2215025 (N.D. Ill. May 19, 2017).................................................6

*Ibarrola v. Kind, LLC*,
    83 F. Supp. 3d 751 (N.D. Ill. 2015) .......................................................................................10

*Julian v. TTE Technology, Inc.*,
    No. 20-CV-02857, 2020 WL 6743912 (N.D. Cal. Nov. 17, 2020) ........................................15

*Keele v. Wexler*,
    149 F.3d 589 (7th Cir. 1998) ...................................................................................................7

*Kommer v. Bayer Consumer Health*.
    252 F. Supp. 3d 304 (S.D.N.Y. 2017)....................................................................................10

*Lavie v. Proctor & Gamble Co.*,
    105 Cal. App. 4th 496 (Cal. Ct. App. 2003) ............................................................................8

*Lesley v. Ocwen Fin.ancial Corporation*,
    No. SA CV 12-1737, 2013 WL 990668 (C.D. Cal. Mar. 13, 2013) ........................................10

*Lewis v. Casey*,
    518 U.S. 343 (1996).................................................................................................................5

*In re Magnesium Oxide Antitrust Litigation*,
    No. 10-5943, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) ........................................................8

*McCoy v. Nestle USA, Inc.*,
    173 F. Supp. 3d 954, 967 (N.D. Cal. 2016) ......................................................... 10

*McMorrow v. Mondelez International, Inc.*,
    No. 17-cv-02327, 2018 WL 3956022 (S.D. Cal. Aug. 17, 2018)...........................13

*McReynolds v. Merrill Lynch & Co., Inc.*,
    694 F.3d 873 (7th Cir. 2012) ..................................................................................5

*Mednick v. Precor, Inc.*,
    No. 14-cv-3624, 2016 WL 5390955 (N.D. Ill. Sept. 27, 2016)...............................6

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (E.D.N.Y. 2017) ...................................................................11

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)..................................................................................................6

*Payton v. County of Kane*,
    308 F.3d 673 (7th Cir. 2002) ...................................................................................5

*Perkins v. Philips Oral Health Care, Inc.*,
    No. 12-cv-1414, 2012 WL 12848176 (S.D. Cal. Dec. 7, 2012) ............................12

*In re Plasma-Derivative Protein Therapies Antitrust Litigation*,
    No. 09 C 7666, 2012 WL 39766 (N.D. Ill. Jan. 9, 2012) ........................................7

*Remijas v. Neiman Marcus Group, LLC*,
    794 F.3d 688 (7th Cir. 2015) ...................................................................................4

*Sarr v. BEF Foods, Inc.*,
    No. 18-cv-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ...............................14

*Scherr v. Marriott International*,
    703 F.3d 1069 (7th Cir. 2013) .................................................................................6

*Sharma v. Volkswagen AG*,
    No. 20-CV-02394, 2021 WL 912271 (N.D. Cal. Mar. 9, 2021).............................15

*Simic v. City of Chicago*,
    851 F.3d 734 (7th Cir. 2017) ................................................................................4, 6

*Singleton v. Fifth Generation, Inc.*,
    No. 15-CV-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016)................................12

*Solak v. Hain Celestial Group, Inc.*,
    No. 3:17-cv-0704, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018) ....................11, 12

*Sonner v. Premier Nutrition Corporation*,
 971 F.3d 834 (9th Cir. 2020) ........................................14, 15

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016) ...............................................................4

*Sponchiado v. Apple Inc.*,
 No. 18-cv-07533, 2019 WL 6117482 (N.D. Cal. Nov. 18, 2019) ...........9

*Stearns v. Select Comfort Retail Corporation*,
 No. 08-2746, 2009 WL 1635931 (N.D. Cal. Jun. 5, 2009)....................11

*Ulrich v. Probalance, Inc.*,
 No. 16 C 10488, 2017 WL 3581183 (N.D. Ill. Aug. 18, 2017) ............6

*Venture Associates Corporatino v. Zenith Data Systems Corp.*,
 987 F.2d 429 (7th Cir. 1993) .....................................................2

*Viggiano v. Hanson Natural Corporation*,
 944 F. Supp. 2d 877 (C.D. Cal. 2013) .....................................14

*Vigil v. General Nutrition Corporation*,
 No. 15-CV-0079, 2015 WL 2338982 (S.D. Cal. May 13, 2015) ............10

*Weinstein v. eBay, Inc.*,
 819 F. Supp. 2d 219 (S.D.N.Y. 2011).......................................8

*Williams v. Beechnut Nutrition Corporation*,
 185 Cal. App. 3d 135 (Cal. Ct. App. 1986) ...............................11

*Wynn v. Topco Associates, LLC*,
 No. 19-cv-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ............12

*Zaback v. Kellogg Sales Co.*,
 No. 3:20-cv-00268, 2020 WL 6381987 (S.D. Cal. Oct. 29, 2020)..........15

**Statutes**

Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL") ................................9, 14, 15

Cal. Civ. Code § 1750 *et seq.* ("CLRA")...............................5, 7, 9, 14, 15

Cal. Civ. Code § 17200 *et seq.* ("UCL") ..............................9, 10, 14, 15

Cal. Com. Code § 2313...........................................................11

N.Y. U.C.C. § 2-313 ..............................................................11

**Federal Rules**

Rule 12(b)(1)............................................................................................2, 4, 7, 8, 15

Rule 12(b)(6)..........................................................................................2, 5, 10, 12, 15

## INTRODUCTION

Plaintiff Wyant, a citizen of New York, and Plaintiff Cobb, a citizen of California, both allege that they purchased Dude Wipes, and paid a "premium" for them, solely because the product's labeling and packaging represented that the wipes are "flushable," which Plaintiffs allege is false. Compl., Doc. 1, ¶¶ 10, 12. Based on this alleged misrepresentation, Plaintiffs, on behalf of themselves and a nationwide class of consumers (in addition to two state subclasses), assert claims for violation of various New York and California state consumer protection and false advertising laws (Counts I-V), in addition to claims for breach of express warranty (Count VI) and breach of implied warranty (Count VII).[1]

Plaintiffs' claims all hinge on the allegation that "Defendant's advertising and marketing of DUDE Wipes is false and misleading and omits material information in that Defendant claims that its wipes are flushable when they are not." *See, e.g.*, Doc. 1, ¶ 18. Plaintiffs even go so far as to allege that "Nowhere on the DUDE Wipes packaging does Defendant inform consumers that the DUDE Wipes are not suitable for flushing." *Id.* But it is Plaintiffs' allegation that is false, not Defendant's flushability claim. Dude Wipes' packaging includes a prominent disclaimer that explicitly warns, "Not all systems can accept flushable wipes," and details the circumstances under which Dude Wipes should ***not*** be flushed. Plaintiffs cannot put their heads in the sand, ignore the parts of the packaging that undermine their claims, and hope to convince the Court that a reasonable consumer would be misled by the full text of the packaging to believe that the wipes are universally flushable. *See Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) ("A Plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to

---

[1] Simultaneously with this motion, Defendant has filed a motion to strike the nationwide class allegations. *See* Docs. 12, 13.

1

survive a motion to dismiss or, indeed, to escape admonishment.").

For this reason, and for the other reasons explained below, all of Plaintiffs' claims fail as a matter of law and must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).[2] Moreover, because the Complaint's fatal flaws cannot be cured by amendment, the Complaint should be dismissed with prejudice.

## RELEVANT FACTUAL ALLEGATIONS

This Court's evaluation of Plaintiffs' claims requires the review of Dude Wipes' *complete* packaging and labeling, which Plaintiffs' conspicuously excluded from their Complaint.

When a complaint attaches or incorporates a document by reference, the court properly considers that entire referenced document in determining whether the complaint states a claim. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993). Consistent with this principle, a defendant is entitled to "introduce certain pertinent documents" without converting its Rule 12(b)(6) motion into a motion for summary judgment if those documents "are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 431. When an exhibit to a complaint central to the plaintiff's claims contradicts the complaint's allegations, the exhibit controls. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *Guar. Residential Lending, Inc. v. Int'l Mortg. Ctr., Inc.*, 305 F. Supp. 2d 846, 852 (N.D. Ill. 2004). A plaintiff cannot pick and choose bits of a document out of context, and the court is "not obliged to ignore any facts set forth in the complaint or its attached exhibits to undermine the plaintiff's claim." *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992).[3]

---

[2] For the Court's convenience, the Table of Claims attached as <u>Exhibit 1</u> identifies each independent ground for dismissing Counts I-VII.

[3] This rule applies with equal force to documents that are referenced in a complaint, central to the plaintiff's claims. *See Venture Assocs. Corp.*, 987 F.2d at 431-32; *see, e.g.*, *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (considering critical documents presented by a defendant "prevents a plaintiff from evading dismissal under Rule 12(b)(6)

As is reflected in this demonstrative, which Plaintiffs include in their Complaint, on the front of the packaging, Defendant makes only the qualified representation that Dude Wipes are "**†FLUSHABLE WIPES**" and directs prospective consumers to "**†SEE SIDE PANEL**."

 

*See* Doc. 1, ¶ 14 (emphasis in original). Although the Complaint includes seven separate images reflecting the Dude Wipes packaging, Plaintiffs' demonstrative allegations do not tell the whole story. The side panel, not pictured in the Complaint, includes a conspicuous disclaimer and usage instructions that warns of when a consumer ***should not flush*** the wipes:





---

simply by failing to attach to his complaint a document that proves his claim has no merit") (cleaned up).

†Independent lab testing shows these wipes meet INDA Flushable Product Guidelines. Not all systems can accept flushable wipes. Ignoring Disposal Instructions may lead to clogs, property damage, or regulatory violations.

Disposal Instructions

Do not flush if:
• Violates local rules
• Using RV, marine, or aviation system
• Using macerator toilet or household pump
• Fat or grease are put in any drain or you are unsure of system capability

Flushing Ok if:
• Permitted by local rules
• One wipe per flush
• No history of clogs or back ups
• Septic follows EPA schedule for alternative systems (annual inspection & pumping)

If a problem is noticed, dispose of in trash and stop flushing.

*See* Exhibit 2.[4] The packaging is the only advertising or marketing material that either Plaintiff claims to have seen or relied on in deciding to purchase Dude Wipes. Doc. 1, ¶¶ 10, 12. Once the Dude Wipes packaging—and not just Plaintiffs' cherry-picked excerpts—is considered in its ***entirety***, Plaintiffs' consumer fraud, false advertising, and warranty claims unravel.

## LEGAL STANDARDS

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction. *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 987 (7th Cir. 2000). Standing, a threshold issue for any case, including class actions, is properly addressed under Rule 12(b)(1). *See Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 691 (7th Cir. 2015); *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008). To establish Article III standing, a plaintiff must show that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). A plaintiff bears the burden of establishing each of these elements with respect to each and every one of her claims and "for each form of relief sought." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). "Standing cannot be established through the back door of a class action" based on the standing of

---

[4] Defendant's website's Help Center page includes the same disclaimer and usage information as the product's packaging. *See* https://dudeproducts.zendesk.com/hc/en-us/articles/360005517793-Are-DUDE-Wipes-Flushable-, attached as Exhibit 3.

unnamed class members to bring their own claims. *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured."). The inquiry is therefore whether the named plaintiffs have standing, not whether other putative class members have standing.

Under Rule 12(b)(6), a cause of action must be dismissed when it fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, although the well-pleaded factual allegations in a complaint must be accepted as true, mere unsupported conclusory statements are not admitted. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). If, when viewed in the light most favorable to the pleader, the allegations fail to state a claim upon which relief can be granted, the court must dismiss it. *See Gomez v. Illinois State Bd. of Educ.*, 811 F. 2d 1030, 1039-40 (7th Cir. 1987).

## ARGUMENT

### I.   Plaintiffs Lack Standing To Seek Injunctive Relief.

Plaintiffs' claims turn on the allegations that Dude Wipes are not "flushable" and that they have been injured by spending money that they would not have otherwise spent had they known the representative of flushability was false. But Plaintiffs do not—and cannot—plausibly allege that they face a real and immediate threat of ***future*** harm from Defendant's alleged misrepresentation. Plaintiffs therefore lack standing to seek injunctive relief under the CLRA.

A plaintiff must have Article III standing to pursue injunctive relief in federal court, "regardless of whether [she is] raising consumer protection claims." *In re Fluidmaster, Inc.*, 149

F. Supp. 3d 940, 957-58 (N.D. Ill. 2016). To do so, a plaintiff must allege a "real and immediate" threat of future harm that is not "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also Scherr v. Marriott Int'l*, 703 F.3d 1069, 1074 (7th Cir. 2013) ("[T]o establish an injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of *future violations* of their rights.") (emphasis added). This is true even in the case of class actions, where some putative class members may face such harm. *City of Los Angeles*, 461 U.S. at 102; *Simic*, 851 F.3d at 738. Furthermore, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). In the specific context of consumer protection and false advertising claims, a plaintiff cannot establish standing where she does not intend to purchase the product at issue in the future. After all, "[o]nce a plaintiff knows that a product is deficient, he or she is unlikely to purchase it again, and therefore unlikely to sustain future harm. A 'fool me once' plaintiff does not need an injunction if he or she is not going to buy the product again anyway. There is no risk of 'fool me twice,' so there is no basis for an injunction." *Geske v. PNY Techs., Inc.*, No. 19-CV-05170, 2020 WL 7042887, at *10 (N.D. Ill. Nov. 30, 2020). Courts in this Circuit routinely dismiss injunctive relief claims for lack of standing where the plaintiff is already aware of the alleged deceptive practice and faces no immediate risk of future harm.[5]

---

[5] *See, e.g.*, *Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at *3 (N.D. Ill. Aug. 18, 2017) (plaintiffs lacked standing to seek injunctive relief because he "alleged only that he purchased [defendant's products] on one discrete occasion . . . , not that he will purchase them again in the future"); *In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (plaintiffs faced no threat of future harm entitling them to injunctive relief where they made "clear in their complaint that they would not have purchased the [products] had they known the truth about them"); *Mednick v. Precor, Inc.*, No. 14-cv-3624, 2016 WL 5390955, at *8 (N.D. Ill. Sept. 27, 2016) (plaintiffs lacked standing where they did "not allege that, having discovered [defendant's] deception, they may still buy [defendant's] products"); *Conrad v. Boiron, Inc.*, No. 13 C 7903, 2015 WL 7008136, at *2 (N.D. Ill. Nov. 12, 2015) (dismissing claim for injunctive relief because plaintiff "was already aware of the alleged inefficacy" of defendant's product); *see also Camasta v. Jos. A. Banks Clothiers, Inc.*, 761 F.3d 732, 740-41 (7th Cir. 2014) (rejecting plaintiff's "speculative claim that he will be harmed again" as implausible because he "is now aware of [defendant's] sales practices").

Here, Plaintiffs admit that they are now fully aware that Dude Wipes are (allegedly) not flushable, so there is no chance that Plaintiffs will be misled or deceived in the future if Defendant continues to market and advertise its wipes as it presently does. This is fatal to Plaintiffs' request for injunctive relief. Plaintiffs further allege that they and the putative class members "would not have paid to purchase Defendant's DUDE Wipes – or would not have paid as much to purchase them – had they known that they are not, in fact, 'flushable.'" Doc. 1, ¶ 6. This "is effectively a concession that [they] do[] not intend to purchase the product in the future." *DaCorta v. AM Retail Group, Inc.*, No. 16-cv-01748, 2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018). Without any risk of future harm, injunctive relief would be meaningless to Plaintiffs. They therefore lack standing to seek injunctive relief under any legal theory.

Because Plaintiffs seek only injunctive relief under the CLRA, Count I must be dismissed in its entirety under Rule 12(b)(1), and Plaintiffs' prayer for injunctive relief should be stricken.

## II.     Plaintiffs Lack Standing To Assert Warranty Claims Under the Laws of States in Which They Do Not Reside.

In Counts VI and VII, Plaintiffs attempt to bring breach of express and implied warranty claims on behalf of a nationwide class, but Plaintiffs have no standing to assert warranty claims on behalf of putative class members of the laws of states that do not apply to Plaintiffs themselves.

In the context of class actions, to have standing, a named plaintiff must have suffered the same injury as the class as a whole. *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002). As district courts across this Circuit recognize, claims "brought under the laws of the states in which no named [plaintiff] purchased goods" or suffered any injury must be dismissed for lack of standing.[6] Were it

---

[6] *See, e.g.*, *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-cv-3690, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013); *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2012 WL 39766, at *6 (N.D. Ill. Jan. 9, 2012); *Catlin v. Hanser*, No. 1:10-cv-0451, 2011 WL 1002736, at

otherwise, plaintiffs "would be able to bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states, thereby dragging defendants into expensive nationwide class discovery, potentially without a good-faith basis." *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090, at *10 (D.N.J. Oct. 20, 2011).

Here, Plaintiffs do not—and cannot—allege that they suffered any injury in the states in which they neither reside nor purchased Dude Wipes. Thus, to the extent that Plaintiffs purport to bring warranty claims of the laws of any states other than California and New York, Counts VI and VII must be dismissed for lack of standing pursuant to Rule 12(b)(1).

### III. Plaintiffs Fail to State a Claim for Consumer Fraud and False Advertising Because They Do Not Plausibly Allege Misleading or Deceptive Conduct.

Plaintiffs' assertion that Defendant advertises Dude Wipes as globally flushable ignores the packaging's conspicuous flushability disclaimer, which defeats Counts I-V as a matter of law.

To prevail on their consumer protection and false advertising claims under New York or California law, Plaintiffs must establish that Defendant's allegedly deceptive labeling was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink*, 714 F.3d at 741; *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (same); *see Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (noting that the standard is of a "reasonable consumer," not the "least sophisticated consumer"); *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 508 (Cal. Ct. App. 2003) (same). "The term 'likely' indicates that deception must be probable, not just possible." *Fermin v. Pfizer, Inc.*, 215 F. Supp. 3d 209, 211 (E.D.N.Y. 2016); *Lavie*, 105 Cal. App. 4th at 504 (same). A court may determine that an allegedly misleading statement or deceptive practice would not have misled a reasonable consumer as a matter of law. *See Fink*,

---

*8 (S.D. Ind. Mar. 17, 2011).

714 F.3d at 741 (applying California and New York law); *Freeman*, 68 F.3d at 289 (applying California law). Indeed, "where a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Hairston v. S. Beach Beverage Co.*, No. CV 12-1429, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012) (collecting cases).

When evaluating consumer protection and false advertising claims, like Plaintiffs' claims here, "context is crucial" because "the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Fink*, 714 F.3d at 742. Thus, a court must "view each allegedly misleading statement in light of its context on the product label or advertisement ***as a whole***." *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-4427, 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 24, 2014) (emphasis added). Consistent with this command, courts across jurisdictions "routinely conclude that the presence of a disclaimer, considered in context, precludes the finding that a reasonable consumer would be deceived by the defendant's conduct." *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390 (E.D.N.Y. 2017) (collecting cases).[7]

In an attempt to avoid this result, Plaintiffs cherry-pick quotes and images from the Dude Wipes packaging and claim that ***no part*** of the packaging warns that the product may not be flushable. *See* Doc. 1, ¶¶ 14-15. But their claim is flatly contradicted by the portions of the packaging that Plaintiffs failed to disclose. *See* Ex. 2. No reasonable consumer would disregard the conspicuous disclaimer that the front of the packaging directs consumers to read and which directly addresses the circumstances under which Dude Wipes should ***not*** be flushed. *See* Ex. 2; *see also* Ex. 3. "Assuming that a reasonable consumer might ignore the evidence plainly before

---

[7] *See, e.g., Sponchiado v. Apple Inc.*, No. 18-cv-07533, 2019 WL 6117482, at *4-5 (N.D. Cal. Nov. 18, 2019) (dismissing CLRA, UCL, and FAL claims based on disclaimers in ads and on website); *Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727, 2012 WL 5382218, at *6-7 (S.D. Cal. Nov. 1, 2012) (dismissing CLRA, UCL, and FAL claims that lacked "facial plausibility").

him attributes a level of stupidity" that is not actionable. *Kommer v. Bayer Consumer Health*. 252 F. Supp. 3d 304, 312 (S.D.N.Y. 2017); *see also Fermin*, 215 F. Supp. 3d at 212 ("The suggestion that such laws should cover [plaintiffs'] failure to read an unambiguous [label] does not pass the proverbial laugh test.").

Plaintiffs' claim under the UCL's "unfair" prong likewise fails because Defendant's conduct could not "violate[] consumers' reasonable expectations" (Doc. 1, ¶ 61) in light of the disclaimer. Count I also fails the "unfair" test because it is not "tethered to specific constitutional, statutory, or regulatory provisions" and does nothing more than "parrot" in conclusory fashion the "immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious" standard. *See Lesley v. Ocwen Fin. Corp.*, No. SA CV 12-1737, 2013 WL 990668, at *7 (C.D. Cal. Mar. 13, 2013). Count I further fails to the extent that Defendants' conduct is allegedly "unlawful" because "a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong" and Plaintiffs' other statutory claims are not plausible. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007); *see, e.g.*, *McCoy v. Nestle USA, Inc.*, 173 F. Supp. 3d 954, 967 (N.D. Cal. 2016); *Vigil v. Gen. Nutrition Corp.*, No. 15-CV-0079, 2015 WL 2338982, at *14 (S.D. Cal. May 13, 2015).

Because Plaintiffs do not—and cannot—plausibly allege that Dude Wipes' ***complete*** packaging and labeling is false or misleading with regard to the product's flushability, Counts I-V must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.[8]

---

[8] *See, e.g.*, *Fink*, 714 F.3d at 742 (holding that plaintiffs' claim "lack the facial plausibility necessary to survive a motion to dismiss" where the complaint's allegations were "materially inconsistent with the sole advertisement" that they provided to the court; *Freeman*, 68 F.3d at 290 (affirming dismissal of false advertising lawsuit where "[a]ny ambiguity that [plaintiff] would read into any particular statement is dispelled by the promotion as a whole"); *see also, e.g.*, *Gubala v. Allmax Nutrition, Inc.*, No. 14 C 9299, 2015 WL 6460086, at *6 (N.D. Ill. Oct. 26, 2015) (concluding that language "prominently located on the front of the label" precluded claim of deception); *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 759 (N.D. Ill. 2015) (dismissing consumer fraud claim where plaintiff "should have considered the other information she

## IV. The Product Packaging (Viewed in Its Entirety) Also Defeats Plaintiffs' Express Warranty Claim.

Plaintiffs' breach of express warranty claim likewise fails because the representations on the Dude Wipes packaging, taken as a whole, is unlikely to deceive a reasonable consumer.

To state a claim for breach of express warranty under New York law, a plaintiff must adequately allege "an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon." *Factory Assocs. & Exporters, Inc. v. Lehigh Safety Shoes Co.*, 382 F. App'x 110, 111-12 (2d Cir. 2010) (quotation omitted); *see also* N.Y. U.C.C. § 2-313. Similarly, to plead a claim for breach of express warranty under California law, a plaintiff must allege the "terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately caused plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986); *see also* Cal. Com. Code § 2313. To be clear, "[s]uch a claim must describe the ***exact*** terms of the warranty." *Stearns v. Select Comfort Retail Corp.*, No. 08-2746, 2009 WL 1635931, at *9 (N.D. Cal. Jun. 5, 2009) (emphasis added). In the event that conflicting warranties exist, "the specific terms . . . must inform the more general term." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 678 (E.D.N.Y. 2017) (quotation omitted) (citing N.Y. U.C.C. § 2-317) ("Exact or technical specifications displace an inconsistent sample or model or general language of description."). Where allegedly false or misleading statements form the basis for an express warranty claim, under both New York and California law, the claim must be assessed under the "reasonable consumer" standard.[9]

---

encountered on the product's packaging").

[9] *See, e.g.*, *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-cv-0704, 2018 WL 1870474, at *11 (N.D.N.Y. Apr. 17, 2018) (For a "statement or representation to provide the basis for an express warranty claim, it still must meet the threshold requirement of being material to a reasonable consumer."); *Azoulai v. BMW of N. Am. LLC*, No. 16-CV-00589, 2017 WL 1354781, at *7 (N.D. Cal. Apr. 13, 2017) (A breach of express

As shown above, Plaintiffs do not—and cannot—adequately allege that the Dude Wipes packaging would deceive a reasonable consumer under the applicable consumer protection and false advertising standards in light of the prominent disclaimer that Plaintiffs conveniently omitted from their pleading. Count VI therefore fails to state a claim for breach of express warranty and should be dismissed pursuant to Rule 12(b)(6).[10]

### V. Plaintiffs Fail to State A Claim for Breach of the Implied Warranty of Merchantability.

Because Plaintiffs allege insufficient facts to show that Dude Wipes lack merchantability under either New York or California law and are unable to plead a viable express warranty claim, Count VII fails to state a claim for breach of implied warranty and also must be dismissed.

California law does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 852 (N.D. Cal. 2012) (quotation omitted). Thus, a seller breaches the implied warranty of merchantability only if its product "lacks even the most basic degree of fitness for ordinary use." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009).

---

warranty claim "may be dismissed as a matter of law where an alleged statement . . . in the context, is such that no reasonable consumer could be misled in the manner claimed by the plaintiff.") (internal quotation marks omitted); *Singleton v. Fifth Generation, Inc.*, No. 15-CV-474, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016) ("Whether Plaintiff's interpretation of [a] label was erroneous or reflected a promise made by Defendant necessarily depends on what a reasonable consumer would believe.").

[10] *See, e.g.*, *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104, 2021 WL 168541, at *7 (S.D.N.Y. Jan. 19, 2021) (dismissing express warranty claim where plaintiffs "failed to plausibly allege that Defendant's product "d[id] not comport with the statements contained on the label"); *Solak*, 2018 WL 1870474, at *11 (concluding that allegedly misleading product misrepresentations that were insufficient to support consumer protection and false advertising claims were insufficient as a matter of law to support breach of express warranty claims under California or New York law); *Perkins v. Philips Oral Health Care, Inc.*, No. 12-cv-1414, 2012 WL 12848176, at *2 (S.D. Cal. Dec. 7, 2012) (dismissing express warranty claim where plaintiffs "fails to allege the **exact** terms of the warranty that Defendants breached") (emphasis added); *Gertz v. Toyota Motor Corp.*, No. CV101089, 2011 WL 13142144, at *10 (C.D. Cal. Apr. 28, 2011) (dismissing express warranty claim where plaintiffs failed to allege "that the representations identified were **inaccurate**" because the representations that formed the basis of the bargain were "inherently equivocal") (emphasis in original).

Similarly, under New York law, the implied warranty of merchantability "requires only that the goods sold be of a minimal level of quality," so that they are "fit for the ordinary purposes for which such goods are used." *Caronia v. Phillip Morris USA, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013). It "is not a guarantee that the product will be perfectly safe or fulfill a buyer's every expectation." *Factory Assocs.*, 2007 WL 1834599, at *9 (cleaned up). Furthermore, "[w]hen an "implied warranty of merchantability cause of action is based solely on whether the product in dispute conforms to the promises or affirmations of fact on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-02327, 2018 WL 3956022, at *13 (S.D. Cal. Aug. 17, 2018) (quotation omitted) (dismissing NY and CA implied warranty claims where plaintiffs had "not sufficiently pled their express breach of warranty claims").

Here, as a threshold matter, Plaintiffs' failure to plead a viable express warranty claim necessarily forecloses their implied warranty claim. *See id.* More fundamentally, however, Count VII fails as a matter of law because Plaintiffs do not—and cannot—allege that Dude Wipes are completely unfit for their ordinary use. Flushable wipes are designed for personal hygiene purposes. *See* Doc. 1, ¶ 2. Thus, with respect to Count VII, the question is whether Dude Wipes are fit for use as a personal hygiene product. Nothing in the Complaint suggests that Dude Wipes' supposed lack of flushability renders the product unsuitable for use as a "restroom wipe." *Id.* In fact, Plaintiffs' contention that Dude Wipes were not "of the same average grade, quality, and value as other similar goods sold under similar circumstances" (*id.* at ¶ 103) is belied by a litany of other allegations in the Complaint asserting that **all** personal "flushable wipes" products are not actually flushable. *See, e.g.*, *id.* at ¶ 20 ("As stated by industry officials, '[f]lushable wipes are not truly flushable . . . .'"); *id.* at ¶ 21 ("[I]t is evidence that none of the products other than

bathroom tissue are 'flushable.'") (internal quotation marks omitted); *id.* at ¶ 23 ("Numerous independent tests demonstrate and confirm that wipes labeled and sold as being 'flushable' will not break down or dissolve in any sewer system.").

Because Plaintiffs have not adequately alleged that Dude Wipes are not merchantable, Count VII must be dismissed. *See, e.g.*, *Viggiano v. Hanson Natural Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (dismissing breach of implied warranty claim where plaintiff failed to allege that defendant's beverage was "not merchantable or fit for use as a diet soft drink").[11]

## VI. Plaintiffs May Not Seek Restitution or Disgorgement under the UCL or FAL Because They Allege an Adequate Remedy at Law.

Plaintiffs cannot pursue injunctive relief or restitution—the only remedies authorized under the UCL and FAL—because they have not pled that they lack an adequate remedy at law.[12] Counts II and III must therefore be dismissed.

Just last year, the Ninth Circuit held in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), that federal courts sitting in diversity (like this Court) lack equitable powers where an adequate remedy at law exists, regardless of whether a state law makes equitable relief available to a plaintiff. *Id.* at 842-45 ("Regardless of whether California authorizes its courts to award equitable restitution under the UCL and CLRA when a plain, adequate, and complete

---

[11] To the extent that the Court finds that Plaintiffs have adequately pled an implied warranty claim, Count VII should nevertheless be dismissed with respect to Plaintiff Wyant under New York law, which requires privity of contract between a plaintiff and defendant to state a claim for breach of implied warranty in the absence of personal injury. *See, e.g.*, *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409, 2020 WL 729883, at *8 (E.D.N.Y. Feb. 13, 2020) (dismissing express warranty claim where plaintiff failed to allege privity); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 309-10 (N.D.N.Y. 2019). In the Complaint, Wyant admits that she purchased Dude Wipes from a supermarket, Hannaford Brothers Company, and not directly from Defendant. Doc. 1, ¶ 10. She therefore cannot allege the necessary privity to sustain Count VII.

[12] *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (Cal. 1999) (Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution. Plaintiffs may not receive damages, much less ***treble*** damages, or attorney fees.") (internal citations omitted) (emphasis in original); *Demetriades v. Yelp, Inc.*, 228 Cal. App. 4th 294, 300 (Cal. Ct. App. 2014) (Under the FAL, "the remedies available to a successful private plaintiff include restitution and injunctive relief.") (citations omitted).

remedy exists at law, we hold that federal courts rely on federal equitable principles before allowing equitable restitution in such circumstances."). Accordingly, before a plaintiff can seek equitable restitution under California's consumer protection and false advertising laws—as Plaintiffs do here—she "must establish that she lacks an adequate remedy at law." *Id.* at 844 (affirming dismissal of claims for restitution under the CLRA and UCL); *see also Sharma v. Volkswagen AG*, No. 20-CV-02394, 2021 WL 912271, at *7 (N.D. Cal. Mar. 9, 2021) ("*Sonner* leaves little for debate as to whether the inadequate legal remedy doctrine applies to the claims for equitable relief" under the CLRA, UCL, or FAL."); *Zaback v. Kellogg Sales Co.*, No. 3:20-cv-00268, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (observing that California federal courts "have applied *Sonner* to dismiss complaints involving similar claims at the more familiar early stages of litigation") (collecting cases).

Here, the Complaint is devoid of any allegations that would support the conclusion that Plaintiffs lack an adequate remedy at law for Defendant's alleged wrongful conduct. Applying *Sonner*, courts routinely dismiss CLRA, UCL, and FAL claims where the plaintiff fails to plausibly allege that money damages would be inadequate.[13] This Court should do the same.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice, pursuant to Rules 12(b)(1) and 12(b)(6).

---

[13] *See, e.g.*, *Clark v. Am. Honda Motor Co.*, No. CV 20-03147, 2021 WL 1186338, at *9 (C.D. Cal. Mar. 25, 2021) (dismissing all California law claims and requests for equitable relief where plaintiffs failed to allege that they lacked an adequate remedy at law); *Julian v. TTE Tech., Inc.*, No. 20-CV-02857, 2020 WL 6743912, at *5 (N.D. Cal. Nov. 17, 2020) (dismissing claims for restitution under the CLRA, UCL, and FAL, claims where plaintiffs asserted that they were damaged by buying, or paying more for, defendant's televisions had the product not been mislabeled); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (dismissing UCL claims because "there is nothing in the SAC to suggest that monetary damages would not make Plaintiff or the putative class whole").

Dated:  April 12, 2021                          Respectfully submitted,

                                                *s/ Christine E. Skoczylas*

                                                Christine E. Skoczylas  (ARDC 6293811)
                                                *Christine.Skoczylas@btlaw.com*
                                                Brian W. Lewis (ARDC 6190792)
                                                *Brian.Lewis@btlaw.com*
                                                Paul T. Olszowka (ARDC 6291267)
                                                *Paul.Olszowka@btlaw.com*
                                                BARNES & THORNBURG LLP
                                                One North Wacker Drive, Suite 4400
                                                Chicago, IL 60606-2833
                                                (312) 357-1313
                                                (312) 759-5646 facsimile

                                                *Attorneys for Defendant Dude Products, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 12th day of April, 2021, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

*<u>s/ Christine E. Skoczylas</u>*