IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Arlene Wyant, et al. individually and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 21-cv-00682 |
| Dude Products, Inc. | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Arlene Wyant, Dexter Cobb, and Josefina Darnall ("Plaintiffs") on behalf of themselves and all others similarly situated bring this action against Dude Products, Inc. ("Dude Products") for violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq. (Count I); violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. (Count II); violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq. (Count III); violation of New York's Gen. Bus. Law § 349 (Count IV); violation of New York's Gen. Bus. Law § 350 (Count V); Breach of Express Warranty (Count VI); Breach of Implied Warranty (Count VII); violation of Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1, et seq. (Count VIII); and violation of State Consumer Fraud Acts (Count IX). Currently before the Court is Defendant's motion to dismiss [21] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendant's motion.

**Background**

Defendant Dude Products ("Defendant") markets and sells Dude Wipes (the "Wipes"), a line of disposable hygiene wipes. At issue is Defendant's advertisement of the product as a flushable

wipe. According to Plaintiffs, Dude Wipes are not flushable because they do not disperse in a reasonable amount of time after flushing or clear sewage systems without causing clogs.

The First Amended Complaint ("Complaint") contains three variations of Dude Wipes packaging. The first and second describe the product as "†FLUSHABLE WIPES" and "FLUSHABLE† WIPES," respectively followed by "†SEE SIDE PANEL" and "†FOR FLUSHING, SEE SIDE PANEL."[1] (Dkt. 18 at ¶ 17). The side panel disclaimer states:

†Independent lab testing shows these wipes meet INDA Flushable Product Guidelines. Not all systems can accept flushable wipes. Ignoring Disposal Instructions may lead to clogs, property damage, or regulatory violations.

Disposal Instructions

Do not flush if:
• Violates local rules
• Using RV, marine, or aviation system
• Using macerator toilet or household pump
• Fat or grease are put in any drain or you are unsure of system capability

Flushing Ok if:
• Permitted by local rules
• One wipe per flush
• No history of clogs or back ups
• Septic follows EPA schedule for alternative systems (annual inspection & pumping)

If a problem is noticed, dispose of in trash and stop flushing.

The named plaintiffs are individuals who purchased the Wipes in Illinois, California, and New York. None of the named plaintiffs read the side panel disclaimer before purchasing. Each solely relied upon the front label's flushability claim. After flushing the Wipes, Plaintiffs experienced problems with their home plumbing systems.

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, including Article III standing, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *Int'l Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in

---

[1] The Complaint includes a third packaging variation that does not use a dagger or asterisk to qualify the term "flushable." Plaintiffs do not clarify whether this packaging includes a disclaimer or whether the variation demands an alternative analysis.

the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

1. <u>Standing</u>

*Injunctive Relief*

Defendant argues that Plaintiffs do not have standing to seek injunctive relief. To establish standing under Article III, a plaintiff must show: (1) she suffered an injury-in-fact; (2) that is fairly traceable to the defendant's conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Cothron v. White Castle Sys., Inc.,* 20 F.4th 1156, 1160 (7th Cir. 2021). To establish an injury-in-fact for injunctive relief, "a plaintiff must show that the defendant's conduct will likely cause it to suffer damages in the future." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (quoting *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 9, 909 N.E.2d 848, 857 (1st Dist. 2009)). Past exposure to unlawful conduct is insufficient. *Id.*

Defendant argues that because no consumer would repurchase a product she believes is deficient, Plaintiffs cannot establish risk of future harm. *See Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 702 (N.D. Ill. 2020) (Seeger, J.) ("There is no risk of 'fool me twice,' so there is no basis for an injunction."). Plaintiffs respond that they remain interested in purchasing Dude Wipes if Defendant "ensured the products were actually flushable." (Dkt. 18 at ¶¶ 11, 13, 14). This argument is not persuasive. "Once a plaintiff knows that a product is deficient, he or she is unlikely to purchase it again, and therefore unlikely to sustain future harm." *Geske*, 503 F. Supp. 3d at 702; *see also In re Herbal Supplements Mktg. and Sales Pracs. Litig.*, 15-cv-5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (St. Eve, J.) (collecting cases). Plaintiffs therefore lack standing to pursue injunctive relief.

*Restitution and Disgorgement*

Defendant next argues that the Court must dismiss Plaintiffs' restitution and disgorgement claims under the UCL (Count II) and FAL (Count III) because Plaintiffs have not pled that they lack an adequate remedy at law. In *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), the Ninth Circuit held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." Plaintiffs contend that the Ninth Circuit's holding in *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020), decided one month after *Sonner*, warrants a different result.

Here, *Sonner* controls and the *Moore* court's cursory statement is inapposite. In *Moore*, the Court concluded that the remedies under the UCL, FAL and CLRA are "cumulative with one another, not with separate legal remedies." *Shay v. Apple Inc.*, No. 20CV1629-GPC(BLM), 2021 WL 1733385, at *4 (S.D. Cal. May 3, 2021) (quoting *In re Subaru Batter Drain Prod. Liab. Litig.*, No. 20-cv-03095, 2021 WL 1207791, at *28 (D.N.J. Mar. 31, 2021)). So far, all district courts confronted with this issue have followed *Sonner* and rejected application of the footnote in *Moore*. *Id.* (collecting

4

cases). Because Plaintiffs do not allege that they lack an adequate remedy at law, their claims for restitution and disgorgement (Counts II and III) are dismissed.

*State Consumer Fraud Acts*

Next, Defendant challenges Plaintiffs' Nationwide Class and Consumer Fraud Multi-State Subclass. Plaintiffs bring Count IX for violation of state consumer fraud acts on behalf of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington residents. Because the named plaintiffs have not suffered an injury in states other than Illinois, California, and New York, Defendant argues that Plaintiffs do not have standing to bring the claims under other states' laws. Plaintiffs respond that this is a question best reserved for the Court's ruling on Rule 23 class certification.

As an initial matter, this is not an issue of Article III standing, but rather what is referred to as statutory standing. *See Muir v. Nature's Bounty (DE)*, No. 15-cv-9835, 2018 WL 3647115, at *7 (N.D. Ill. 2018) (Pallmeyer, J.). Courts in this district are split on whether to resolve this question at the pleading stage. *See McDonnell v. Nature's Way Prod., LLC*, No. 16 C 5011, 2017 WL 1149336, at *5 (N.D. Ill. Mar. 28, 2017) (Ellis, J.) (collecting cases). Because this challenge goes to the heart of the named plaintiffs' capacity to represent the class members' state-law claims and not standing, the Court agrees with the line of cases holding that it is "better addressed at the class-certification stage." *Benson v. Newell Brands, Inc.*, No. 19 C 6836, 2020 WL 1863296, at *4 (N.D. Ill. Apr. 14, 2020) (Guzmán, J.).

At this stage of the litigation, the Court recognizes that it may be improper for the parties "to engage in wide-ranging discovery premised on a prospect as to which there is substantial doubt—namely, [plaintiffs'] ability to assert causes of actions created by other states for the benefit of other individuals injured in those other states." *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1001–02 (N.D. Ill. 2017) (Tharp, J.). The Court anticipates that it will stay discovery on state-law

5

claims for states in which no named plaintiff resides until the Court rules on class certification or "some other ground has been advanced to provide reasonable assurance that there will be a valid basis to pursue such discovery in this case." *Id.* at 1002.

    2. <u>Failure to State a Claim</u>

*Consumer Protection and False Advertising Claims*

Defendant moves to dismiss Plaintiffs' claims under state consumer protection and false advertising laws (Counts I-V, VIII, and IX) for failure to state a claim. To state a claim under the consumer protection statutes, Plaintiffs must plausibly allege that the packaging is likely to deceive reasonable consumers. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020) (applying the reasonable consumer standard to California, Illinois, and New York law, among others). This standard "requires a probability that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). A statement is deceptive if "it is likely to mislead a reasonable consumer in a material respect, even if it is not literally false." *Id.*

First, Defendant argues that the Court must view the front label claims in conjunction with the side panel disclaimer. *Bell*, 982 F.3d at 477. Defendant argues that the disclaimer language destroys Plaintiffs' claims that the packaging contains an actionable deceptive misrepresentation. Plaintiff responds that under *Bell*, the Court cannot presume as a matter of law that reasonable consumers would examine the fine print disclaimer. *See id.* Even if they would, Plaintiffs argue that whether reasonable consumers would be deceived is a question of fact and improper for consideration on a motion to dismiss.

Even if reasonable consumers referenced the side panel to assess the front label's assertion, the disclaimer language does not destroy Plaintiffs' claims. *See Bell*, 982 F.3d at 483 (quoting

*Beardsall*, 953 F.3d at 977) (restating the Seventh Circuit's skepticism "that an asterisk pointing to [the label's] fine print could save virtually any deceptive slogan…"). Unlike the cases cited by Defendant, this is not a case in which viewing the disclaimer "would have dispelled the deception on which [Plaintiffs'] claims are based." *Killeen v. McDonald's Corp.*, 317 F. Supp. 3d 1012, 1013 (N.D. Ill. 2018) (Bucklo, J.). A consumer directed to the disclaimer would find that "Flushing [is] OK" under the specific conditions listed. (Dkt. 18 at ¶ 19). This directly contradicts the Plaintiffs' allegation that Dude Wipes are never flushable, which the Court must take as true. *Erickson*, 551 at 94. Therefore, Plaintiffs have plausibly alleged that the packaging is likely to deceive reasonable consumers that the Wipes are flushable. Whether consumers indeed understood the Wipes to be flushable remains a question of fact. *Bell*, 982 F.3d at 480 ("These questions may not be answered as a matter of law simply because lawyers can construe an ambiguous claim in a way that would not be deceptive.").

Defendant also argues that Plaintiffs' claims for violation of the Illinois and New York consumer protection statutes (Counts IV and VIII) should be dismissed because they are duplicative of Plaintiffs' breach of warranty claim (Count VI). *See, e.g., Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (2005) ("A breach of contractual promise, without more, is not actionable under the Consumer Fraud Act."). But affirmative misrepresentation to induce consumers to purchase products can support a claim under the ICFA. *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 400 (7th Cir. 2011) (For the proposition that "affirmative acts of misrepresentation" transform a "simple breach of contract multiplied over a prospective plaintiff class."). Because Plaintiffs allege that Defendant knowingly and intentionally misrepresented the Wipes as flushable to sell more goods, Counts IV and VII allege more than a simple breach of contract. *See Bakopoulos v. Mars Petcare US, Inc.*, No. 20 CV 6841, 2021 WL 2915215, at *6 (N.D. Ill. July 12, 2021) (Shah, J.). The Court denies the motion to dismiss Counts I, IV, V, VIII, and IX.

7

*Express Warranty and Implied Warranty of Merchantability*

Defendant argues that Plaintiffs' breach of express warranty claim fails on the same grounds as the consumer protection statutes—that Plaintiffs cannot allege they relied on a warranty that the product was flushable in light of the side panel disclaimer. Because Defendant reasons that the breach of express warranty claim must rise and fall with its arguments as to the consumer protection and false advertising claims, the Court declines to dismiss Count VI for the reasons stated above.

Defendant moves to dismiss Plaintiffs' breach of implied warranty of merchantability claim because Plaintiffs have not alleged that Dude Wipes are unfit for their ordinary use. Even if the Wipes are not flushable, Defendant argues, consumers may still use them for their intended purpose—personal hygiene. Merchantable goods must be, among other things, "fit for the ordinary purpose for which such goods are use; and… conform to the promises or affirmation of fact made on the container or label if any." 810 ILCS 5/2-314; *see also* Cal. Civ. Code § 1792 (same). "A breach of the warranty of merchantability occurs if the product lacks 'even the most basic degree of fitness for ordinary use.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009) (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406, 7 Cal. Rptr. 3d 546 (2003)).

Plaintiffs do not adequately respond to Defendant's argument regarding the Wipes' fitness for their ordinary use. Instead, Plaintiffs hang their merchantability argument on the Wipes' failure to "conform to the promise or affirmations of fact made on the… label." In contrast, the Complaint alleges that the Wipes "were not of the same average grade, quality, and value as similar goods sold under similar circumstance," and therefore, "would not pass without objection in the trade or industry under the contract description." (Dkt. 18 at ¶¶ 111, 112). Because a "plaintiff may not amend his complaint in his response brief," Count VII is dismissed without prejudice. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

8

**Conclusion**

For the foregoing reasons, Counts II, III, and VII are dismissed without prejudice. The motion to dismiss [21] Counts I, IV, V, VI, VIII, and IX is denied

**IT IS SO ORDERED.**

Date: 3/3/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge